## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. _____** |
| **v.** | : | **DATE FILED: _____** |
| **FLYING TIGERS, INC.** | : | **VIOLATIONS:** |
| **JAY STOUT** | | **18 U.S.C. § 371 (conspiracy to commit** |
| **JOEL STOUT** | : | **fraud - 1 count)** |
| **HOWARD GUNTER** | | **18 U.S.C. § 38(a)(1) (fraud involving** |
| | : | **aircraft parts - 13 counts)** |
| | | **18 U.S.C. § 1341 (mail fraud - 6 counts)** |
| | : | **18 U.S.C. § 1343 (wire fraud - 7 counts)** |
| | | **18 U.S.C. § 1519 (obstruction of justice - 2** |
| | : | **counts)** |
| | | **18 U.S.C. § 2 (aiding and abetting)** |
| | : | **Notice of forfeiture** |

## <u>I N D I C T M E N T</u>

## <u>COUNT ONE</u>

**(Conspiracy)**

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

<u>Background</u>

<u>FAA Regulation of U.S. Registered Aircraft</u>

1.     The Federal Aviation Administration (FAA) was an agency of the United States and had jurisdiction to ensure the safety and airworthiness of U.S. registered aircraft.  The FAA met this responsibility in part through the issuance of regulations regarding U.S. registered aircraft.

2.      FAA regulations required owners and operators of U.S. registered aircraft to submit their aircraft for certain inspections, such as annual inspections.  The FAA established standards for those annual inspections, and required that the annual inspections be performed by certified mechanics with FAA inspection authorization.

3.      Mechanics certified by the FAA with inspection authority received unique license numbers from the FAA to utilize when certifying an inspection.  The FAA is authorized to suspend or terminate a mechanic's inspection authority if the mechanic fails to comply with FAA requirements.  Mechanics with inspection authority are obligated to renew their certifications with the FAA at regular intervals established by the FAA.  The failure to renew one's certification results in the loss of inspection authority.

4.      FAA regulations required aircraft owners and operators to keep records of aircraft maintenance and inspections in the engine and airframe logbooks for the aircraft.  FAA certified mechanics, and those with inspection authority, were required to record and certify records of all repairs, maintenance, or inspections, including annual inspections, in the airframe and engine logbooks of the aircraft they service.  Engine and airframe logbooks were a common method of maintaining required maintenance and inspection records.

<u>The Defendants</u>

5.      Defendant FLYING TIGERS, INC. ("FLYING TIGERS") was a corporation located at Donegal Springs Airpark, 186 Airport Road, Marietta, Lancaster County, Pennsylvania, which provided aircraft maintenance and repair services and annual inspections of aircraft to its customers.

6.      Defendant FLYING TIGERS was created in or about 1975.  Since at least in or about  2002, defendant JAY STOUT was the President of FLYING TIGERS.  Defendant JOEL STOUT, the son of defendant JAY STOUT, participated in the management and operation of FLYING TIGERS.

7.      Defendant FLYING TIGERS was not certified by the FAA as a certified repair station.  FLYING TIGERS was a non-certified maintenance facility, and relied on the certifications and authorizations of individual mechanics to perform functions which the FAA required be performed by mechanics with airframe and powerplant certifications (A&P) and those with inspection authority certification and authorization (IA).

8.      Defendant FLYING TIGERS founder G.S. was certified by the FAA as an airframe and powerplant mechanic (A&P) in the early 1970s.  He was also approved by the FAA to become rated as a certified FAA mechanic with inspection authority, authorized to perform annual inspections on aircraft, until 2005, when he permitted his certification to perform annual inspections to expire.

9.      Defendant JAY STOUT, the president of defendant FLYING TIGERS, was certified by the FAA as an A&P, and as a certified FAA mechanic with inspection authority, authorized to perform annual inspections on aircraft, in 1984.  Both certifications, as an A&P, and as a certified FAA mechanic with inspection authority, were revoked in July 1998, suspended in 2001, and finally and permanently revoked again on or about August 1, 2003.  As a result, from on or about August 1, 2003 to the present, defendant JAY STOUT was not authorized to certify the maintenance, repair or annual inspections of aircraft.

3

10.     Defendant JOEL STOUT received his A&P certification in 2000. Defendant STOUT was approved by the FAA to become rated as a certified FAA mechanic with inspection authority, authorized to perform annual inspections on aircraft, in or about January 2005.  STOUT'S inspection authority, authorizing him to perform annual inspections on aircraft, expired on March 31, 2006, was not renewed, and has never been reinstated.  As a result, from on or about March 31, 2006 to the present, defendant JOEL STOUT was authorized to certify certain maintenance or repairs on aircraft, but was not authorized to certify the annual inspections of aircraft.

11.     Defendant HOWARD GUNTER was a retired inspector with the FAA who was A&P certified, and a certified FAA mechanic with inspection authority who was authorized to perform annual inspections on aircraft.

12.     Person No. 1 worked in a full time capacity for FLYING TIGERS from 2005 until November 2006, and remained a part time employee for FLYING TIGERS through January 2007.  During that time period, Person No. 1 was A&P certified, and was a certified FAA mechanic with inspection authority who was authorized to perform annual inspections on aircraft.

### The Conspiracy

13.     From on or about October 26, 2006 and continuing until on or about October 1, 2009, at Lancaster, in the Eastern District of Pennsylvania and elsewhere, defendants

**FLYING TIGERS, INC.,**
**JAY STOUT,**
**JOEL STOUT**
**and**
**HOWARD GUNTER**

4

conspired and agreed, together and with others known and unknown to the grand jury, to commit an offense against the United States, that is, to

(a)  knowingly and with intent to defraud falsify or conceal material facts and make materially fraudulent representations and false writings, entries, certifications, documents and records concerning aircraft parts in a matter affecting interstate commerce, in violation of Title 18, United States Code, Section 38(a)(1); and

(b)  knowingly devise a scheme to defraud customers and patrons of Flying Tigers, Inc., and to obtain money and property from those customers by means of false and fraudulent pretenses, representations, and promises, and to use the United States mails and interstate wire communications to further the scheme to defraud, in violation of Title 18, United States Code, Sections 1341 and 1343.

## Manner and Means

It was part of the conspiracy that:

14.  Defendants JAY STOUT and JOEL STOUT certified annual inspections on aircraft although they were not authorized to do so.

15.  Defendants FLYING TIGERS, JAY STOUT, and JOEL STOUT charged customers for annual inspections performed on aircraft when there was no authorized person employed by defendant FLYING TIGERS who was certified to perform annual inspections,  and failed to record the certification of the annual inspection in the airframe or engine log book to conceal the unlawful actions.

16.  Defendants FLYING TIGERS, JAY STOUT, and JOEL STOUT performed annual inspections on aircraft, although they were not authorized to do so, and forged

the name and license number of an authorized mechanic on the certifications in the airframe and engine log books to conceal their unlawful actions.

17.     Defendants FLYING TIGERS, JAY STOUT, and JOEL STOUT altered airframe and engine log books and made false entries in the log books to conceal their unlawful actions.

18.     Defendants FLYING TIGERS, JAY STOUT, and JOEL STOUT recreated airframe and engine log books to conceal their unlawful actions.

19.     Defendants FLYING TIGERS, JAY STOUT, JOEL STOUT and HOWARD GUNTER prepared and signed certifications for annual inspections of aircraft reflecting that defendant GUNTER performed the annual inspection on behalf of defendant FLYING TIGERS, even though defendant GUNTER had not performed the annual inspection and his certifications were false.

20.     Defendants FLYING TIGERS, JAY STOUT, and JOEL STOUT mailed invoices to customers charging for annual inspections, even though the annual inspections, even if performed, were not certified by an authorized mechanic.

21.     Defendants FLYING TIGERS, and JAY STOUT received payments from customers for annual inspections through the mails and by wire transfers, even though the annual inspections, even if performed, were not certified by an authorized mechanic.

6

**Overt Acts**

In furtherance of the conspiracy, defendants FLYING TIGERS, JOEL STOUT, JAY STOUT and HOWARD GUNTER committed the following overt acts in the Eastern District of Pennsylvania, and elsewhere:

1.      Defendants FLYING TIGERS, JAY STOUT and JOEL STOUT, despite not being authorized to perform or certify annual inspections on aircraft, certified in aircraft log books that they had performed annual inspections as follows:

|      | Date | Aircraft Number | Document | Certification |
|------|------|-----------------|----------|---------------|
| 1.a. | October 23, 2003 | 9095J | airframe and engine logs | annual inspections certified by Jay Stout |
| 1.b. | February 11, 2004 | N201EF | airframe log | annual inspection certified by Joel Stout |
| 1.c. | September 1, 2004 | N1190G | airframe and engine logs | annual inspections certified by Jay Stout |
| 1.d. | December 22, 2006 | N201EF | prop log | annual inspection certified by Joel Stout |
| 1.e. | February 18, 2007 | N67TP | airframe log | repair certified by Jay Stout |
| 1.f. | July 9, 2007 | N28739 | airframe and engine logs | annual inspections certified by Jay Stout |
| 1.g. | July 12, 2007 | N3643T | airframe log | repair certified by Jay Stout |
| 1.h. | August 6, 2007 | N6885U | aircraft log | annual inspection certified by Jay Stout |
| 1.i. | August 25, 2007 | N94MR | engine log | annual inspection certified by Jay Stout |
| 1.j. | September 2, 2007 | N4874W | aircraft log | annual inspection certified by Joel Stout |

2.      Defendants FLYING TIGERS, JAY STOUT and JOEL STOUT charged customers for annual inspections on aircraft, but failed to make the required entries in the airframe and engine log books of those aircraft, as follows:

|        | Date              | Aircraft Number |
|--------|-------------------|-----------------|
| 2.a.   | February 21, 2006 | N46SD           |
| 2.b.   | July 11, 2006     | N795GA          |
| 2.c.   | April 18, 2007    | N31720          |
| 2.d.   | May 8, 2008       | N46SD           |
| 2.e.   | June 14, 2007     | N2714           |
| 2.f.   | July 16, 2007     | N79388          |
| 2.g.   | July 31, 2007     | N6552L          |
| 2.h.   | August 7, 2007    | N6373L          |
| 2.i.   | September 2, 2007 | N4874W          |
| 2.j.   | October 5, 2007   | N56411          |
| 2.k.   | October 24, 2007  | N28802          |
| 2.l.   | November 25, 2007 | N140HR          |
| 2.m.   | July 11, 2008     | N77XC           |
| 2.n.   | July 18, 2008     | N795GA          |

3.      Defendants FLYING TIGERS and JAY STOUT created, or caused to be created, entries in the aircraft and engine logs for the following aircraft of annual inspection certifications with the forged signature of Person No. 1, a certified FAA mechanic with inspection authority, falsely stating that Person No. 1 had performed the annual inspections on behalf of defendant FLYING TIGERS:

|      | Date | Aircraft Number | Document |
|------|------|-----------------|----------|
| 3.a. | January 4, 2007 | N52WP | aircraft, left engine and right engine log books |
| 3.b. | February 21, 2007 | N38750 | aircraft, left engine and right engine log books |
| 3.c. | March 1, 2007 | N9131K | aircraft and engine log books |
| 3.d. | April 4, 2007 | N555PX | aircraft, left engine and right engine log books |
| 3.e. | April 10, 2007 | N442LB | aircraft and engine log books |
| 3.f. | June 8, 2007 | N3005Z | aircraft and engine log books |
| 3.g. | July 7, 2007 | N5TU | aircraft and engine log books |
| 3.h. | July 12, 2007 | N55RR | aircraft, left engine and right engine log books |
| 3.i. | August 6, 2007 | N6885U | engine log book |
| 3.j. | August 12, 2007 | N786GA | aircraft, left engine and right engine log books |
| 3.k. | August 14, 2007 | N8072J | aircraft, left engine and right engine log books |
| 3.l. | October 8, 2007 | N106B | aircraft and engine log books |

4.      Defendants FLYING TIGERS and HOWARD GUNTER created false certifications for the annual inspections in the log books on the following aircraft, showing them as having been performed by defendant GUNTER on the dates noted.

|      | Date placed on false certification | Aircraft Number | Document |
|------|-----------------------------------|-----------------|----------|
| 4.a. | October 26, 2006 | N6077T | aircraft, left engine and right engine log books |
| 4.b. | November 21, 2006 | N5930Y | aircraft, left engine and right engine log books |
| 4.c. | February 1, 2007 | N74590 | aircraft and engine log books |

| 4.d. | April 6, 2007 | N60LM | aircraft, left engine and right engine log books |
| 4.e. | August 5, 2007 | N7861Y | aircraft, left engine and right engine log books |
| 4.f. | August 25, 2007 | N67TP | aircraft and engine log books |
| 4.g. | September 21, 2007 | N6077T | aircraft, left engine and right engine logs |
| 4.h. | November 5, 2007 | N4300W | aircraft log book |
| 4.i. | April 20, 2008 | N31720 | aircraft and engine log books |
| 4.j. | October 1, 2009 | N22EE | aircraft, left engine and right engine log books |

5.      Following the completion of the August 2007 annual inspection on aircraft N7861Y, defendant JAY STOUT took custody of the log books of aircraft N7861Y, from A.D., the owner of the aircraft, and several days later, returned the log books to A.D. and told A.D. that the log books were in order.

6.      On or about the dates reflected below, defendant FLYING TIGERS intentionally altered log books, or created fraudulent log book recreations, as follows.

| | Date | Aircraft Number | Description |
|---|---|---|---|
| 6.a. | December 7, 2007 | N7861Y | page removed from right engine log immediately before August 5, 2007 certification |
| 6.b. | December 7, 2007 | N7861Y | replaced certification stickers into aircraft and left engine log books dated August 5, 2007 |
| 6.c. | May 2, 2008 | N1190G | recreated aircraft and engine log books, April 2000 through April 2008 |
| 6.d. | January 24, 2008 | N201EF | recreated aircraft log books, January 2000 through December 2006 |
| 6.e. | January 24, 2008 | N201EF | recreated engine log books, December 2006 |

| 6.f. | Between May 23, 2008 and January 6, 2010 | N6077T | recreated aircraft and engine log books, September 2005 through September 2008 |
|---|---|---|---|

7.      On or about the dates reflected below, defendant JOEL STOUT prepared invoices for defendant FLYING TIGERS charging customers for annual inspections completed on aircraft, even though the annual inspections were not certified by a mechanic with inspection authority, and caused those fraudulent invoices to be mailed to customers throughout the United States.

|  | Date of invoice | Aircraft # | Posted Date of payment | Amount paid |
|---|---|---|---|---|
| 7.a. | April 4, 2007 | N555PX | 5/8/2007 | $4,416.18 |
| 7.b. | April 10, 2007 | N422LB | 4/11/2007 | $2,176.99 |
| 7.c. | April 18, 2007 | N31720 | 4/27/2007 | $3,500.00 |
| 7.d. | May 8, 2007 | N46SD | 5/22/2007 | $6,378.34 |
| 7.e. | June 14, 2007 | N2714 | 6/28/2007 | $3,270.33 |
| 7.f. | July 12, 2007 | N55RR | 6/25/2007 | $4,064.19 |
| 7.g. | July 16, 2007 | N79388 | 8/7/2007 | $2,601.68 |
| 7.h. | August 6, 2007 | N6885U | 8/7/2007 | $2,918.03 |
| 7.i. | August 12, 2007 | N786GA | 8/15/2007 | $3,012.12 |
| 7.j. | August 14, 2007 | N8072J | 8/15/2007 | $4,242.26 |
| 7.k. | August 25, 2007 | N67TP | 8/27/2007 | $2,300.00 |
| 7.l. | August 25, 2007 | N67TP | 9/12/2007 | $282.35 |
| 7.m. | September 2, 2007 | N4874W | 7/23/2007 | $15,000.00 |
| 7.n. | September 2, 2007 | N4874W | 8/9/2007 | $5,000.00 |
| 7.o. | September 2, 2007 | N4874W | 8/24/2007 | $6,000.00 |
| 7.p. | October 5, 2007 | N56411 | 10/31/2007 | $6,194.35 |

8.      On or about June 8, 2007, defendants JAY STOUT and JOEL STOUT performed mechanical service on airplane 3005Z, owned by H.E., and represented to owner H.E. that they performed an annual inspection, although neither defendant was certified to perform an annual inspection.

9.      On or about July 19, 2007 and August 2, 2007, defendant JOEL STOUT sent email communications to S.M., the owner of airplane N6373L, discussing ongoing repairs to the airplane.

10.     On or about January 15, 2008, defendant JAY STOUT deposited a check in the amount of $1,000 from airplane owner R.R. into his personal account at Union National Community Bank to pay for an annual inspection fraudulently performed on airplane N28665 without a certified inspector on or about December 15, 2007.

11.     On or about December 1, 2008, defendant JAY STOUT paid defendant HOWARD GUNTER $500 with a check drawn on the bank account of defendant FLYING TIGERS.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH FOUR

### (Fraud Involving Aircraft Parts)

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.    Paragraphs 1-12, 14-21, and Overt Acts 1(a) through 1(j) of Count One of this indictment are incorporated here.

      2.    On or about the dates listed in the chart below, at Lancaster, in the Eastern District of Pennsylvania and elsewhere, the defendants

### FLYING TIGERS, INC.
### and
### JAY STOUT,

in a matter affecting interstate commerce, knowingly, and with intent to defraud, falsified or concealed a material fact, made materially fraudulent representations, and made materially false writings, entries, certifications, documents, or records, concerning any aircraft parts, and aided and abetted the same, by falsely certifying in aircraft log books that defendants FLYING TIGERS, INC., and JAY STOUT performed annual inspections on aircraft and engines, although defendant JAY STOUT was not authorized to perform annual inspections, as follows:

| Count | Date | Aircraft Number | Document |
|-------|------|-----------------|----------|
| 2 | August 6, 2007 | N6885U | certification for annual inspection in aircraft log by Jay Stout |
| 3 | August 25, 2007 | N94MR | certification for annual inspection in engine log by Jay Stout |
| 4 | September 5, 2007 | N94MR | certification for annual inspection in aircraft log by Jay Stout |

In violation of Title 18, United States Code, Section 38(a)(1)(A), (B),(C).

## COUNT FIVE

### (Fraud Involving Aircraft Parts)

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1-12, 14-21 and Overt Acts 3(a) through 3(l) of Count One of this indictment are incorporated here.

      2.      On or about October 8, 2007, at Lancaster, in the Eastern District of Pennsylvania, the defendant

### JAY STOUT

in a matter affecting interstate commerce, knowingly, and with intent to defraud, falsified or concealed a material fact, made materially fraudulent representations, and made materially false writings, entries, certifications, documents, or records, concerning any aircraft parts, by falsely certifying in the aircraft and engine log books of airplane N106B that Person 1, a certified FAA mechanic with inspection authority, had performed the October 8, 2007 annual inspections on the aircraft and engine.

      In violation of Title 18, United States Code, Section 38(a)(1)(A), (B),(C).

## COUNTS SIX THROUGH FOURTEEN

### (Fraud Involving Aircraft Parts)

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1-12, 14-21 and Overt Acts 4(a) through 4(j) of Count One of this indictment are incorporated here.

      2.      On or about the dates listed in the chart below, at Lancaster, in the Eastern District of Pennsylvania and elsewhere, the defendants

### FLYING TIGERS, INC.
### and
### HOWARD GUNTER,

in a matter affecting interstate commerce, knowingly, and with intent to defraud, falsified or concealed a material fact, made materially fraudulent representations, and made materially false writings, entries, certifications, documents, or records, concerning any aircraft parts, and aided and abetted the same, by falsely certifying in aircraft log books or on certification stickers that defendants FLYING TIGERS, INC., and HOWARD GUNTER performed annual inspections on aircraft and engines, as follows:

| Count | Date | Aircraft Number | Document |
|---|---|---|---|
| 6 | November 5, 2007 | N4300W | aircraft log book |
| 7 | December 7, 2007 | N7861Y | certification for August 5, 2007 annual inspection in aircraft, left engine and right engine log books |
| 8 | December 21, 2007 | N60LM | certification for April 6, 2007 annual inspection in aircraft, left engine and right engine log books |

| 9 | February 6, 2008 | N74590 | certification for February 10, 2007 annual inspection in aircraft and engine log books |
|---|---|---|---|
| 10 | April 20, 2008 | N31720 | aircraft and engine log books |
| 11 | between May 2008 and August 2008 | N6077T | certification for September 21, 2007 annual inspection in aircraft, left engine and right engine log books |
| 12 | between May 2008 and August 2008 | N5930Y | certification for November 21, 2006 annual inspection in aircraft, left engine and right engine log books |
| 13 | August 2008 | N67TP | certification for August 25, 2007 annual inspection in aircraft and engine log books |
| 14 | October 1, 2009 | N22EE | aircraft, left engine and right engine log books |

In violation of Title 18, United States Code, Section 38(a)(1)(A), (B),(C).

## COUNTS FIFTEEN THROUGH TWENTY

### (Mail Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1-12 and Overt Acts 7(a) through 7(p) of Count One of this indictment are incorporated here.

### The Scheme to Defraud

2.      From on or about October 26, 2006 through on or about October 1, 2009, defendants

### FLYING TIGERS, INC.,
### JAY STOUT
### and
### JOEL STOUT

knowingly devised and intended to devise a scheme to defraud patrons and customers of Flying Tigers, Inc., and to obtain money and property from them by means of false and fraudulent pretenses, representations, and promises.

### Manner and Means

3.      It was part of the scheme that Defendants FLYING TIGERS, JAY STOUT and JOEL STOUT engaged in the manner and means described in paragraphs 14-21 of Count One.

4.      Defendants JAY STOUT and JOEL STOUT prepared and mailed invoices charging customers for annual inspections, even though they were not properly performed and certified.

5.      Defendants JAY STOUT and JOEL STOUT used the mails to send invoices to customers containing charges for these fraudulently performed services.

6.       On or about the dates listed below, at Lancaster, in the Eastern District of

Pennsylvania and elsewhere, defendants

**FLYING TIGERS, INC.,**
**JAY STOUT**
**and**
**JOEL STOUT,**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and

abetting its execution, knowingly caused to be delivered by the United States mails according to

the directions thereon, the following mailings, each mailing constituting a separate count:

| Count | Date of Mailing | Description of Mailing |
|-------|-----------------|------------------------|
| 15 | 8/6/2007 | Invoice in the amount of $2,918.03 for services including a fraudulent annual inspection for aircraft number N6885U |
| 16 | 8/6/2007 | Invoice in the amount of $3,012.12 for services including a fraudulent annual inspection for aircraft number N786GA |
| 17 | 8/14/2007 | Invoice in the amount of $4,469.80 for services including a fraudulent annual inspection for aircraft number N8072J |
| 18 | 8/25/2007 | Invoice in the amount of $2,850.53 for services including a fraudulent annual inspection for aircraft number N67TP |
| 19 | 9/10/2007 | Invoice in the amount of $24,985.09 for services including a fraudulent annual inspection for aircraft number N4874W |
| 20 | 10/5/2007 | Invoice in the amount of $6,344.35 for services including a fraudulent annual inspection for aircraft number N56411 |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS TWENTY-ONE THROUGH TWENTY-SEVEN

### (Wire Fraud)

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1-12, and Overt Acts 7(a) through 7(p) of Count One of this indictment are incorporated here.

### The Scheme to Defraud

2.      From on or about October 26, 2006 through on or about October 1, 2009, defendants

### FLYING TIGERS, INC.
### and
### JAY STOUT

knowingly devised and intended to devise a scheme to defraud patrons and customers of Flying Tigers, Inc. and to obtain money and property from them by means of false and fraudulent pretenses, representations, and promises.

### Manner and Means

3.      It was part of the scheme that defendants FLYING TIGERS, INC., JAY STOUT and Joel Stout (charged elsewhere in this indictment) engaged in the manner and means described in paragraphs 14-21 of Count One.

4.      Defendants FLYING TIGERS, INC., and JAY STOUT collected payments from customers through the mails and wire payments for the fraudulently certified annual inspections and deposited those payments into defendant FLYING TIGERS' bank account at Union National Community Bank in Mt. Joy, Pennsylvania.

19

5.      Defendant JAY STOUT took and received money from defendant FLYING

TIGERS' bank account.

6.      On or about the dates listed below, at Lancaster, in the Eastern District of

Pennsylvania and elsewhere, defendants

**FLYING TIGERS, INC.**
**and**
**JAY STOUT,**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and

abetting its execution, caused to be transmitted by means of wire communication in interstate

commerce the signals and sounds described below for each count, each transmission constituting

a separate count:

| Count | Approximate Date | Description |
|-------|------------------|-------------|
| 21 | 8/15/2007 | Interstate wire transmission through J.P. Morgan Chase Bank in New York to Union National Community Bank, in Pennsylvania, resulting from clearing of check no. 2314 in the amount of $3,012.12 issued to Flying Tigers, Inc. in payment for services charged to airplane N786GA. |
| 22 | 8/15/2007 | Interstate wire transmission through Wesbanco Bank in Wheeling, WV to Union National Community Bank, in Pennsylvania, resulting from clearing of check no. 17794 in the amount of $4,242.26 issued to Flying Tigers, Inc. in payment for services charged to airplane N8072J. |
| 23 | 8/27/2007 | Interstate wire transmission through the Navy Federal Credit Union in Vienna, Virginia to Union National Community Bank, in Pennsylvania, resulting from clearing of check no. 243 in the amount of $2,300.00 issued to Flying Tigers, Inc. in payment for services charged to airplane N67TP. |

| 24 | 9/12/2007 | Interstate wire transmission through the JP Morgan Chase Bank in Delaware, Ohio to Union National Community Bank, in Pennsylvania, resulting from clearing of check no. 0017363473 in the amount of $282.35 issued to Flying Tigers, Inc. in payment for services charged to airplane N67TP. |
| 25 | 8/9/2007 | Interstate wire transmission through Citibank in Englewood Cliffs, NJ to Union National Community Bank, in Pennsylvania, resulting from a wire transfer, reference number G0072212649201, in the amount of $5,000 issued to Flying Tigers, Inc. in payment for services charged to airplane N4874W. |
| 26 | 8/24/2007 | Interstate wire transmission through Citibank in Englewood Cliffs, NJ to Union National Community Bank, in Pennsylvania, resulting from a wire transfer, reference number G0072361528701 in the amount of $6,000 issued to Flying Tigers, Inc. in payment for services charged to airplane N4874W. |
| 27 | 10/31/2007 | Interstate wire transmission through JP Morgan Chase in Delaware, Ohio to Union National Community Bank, in Pennsylvania, resulting from clearing of check no. 0033425167 in the amount of $6,194.35 issued to Flying Tigers, Inc. in payment for services charged to airplane N56411. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS TWENTY-EIGHT THROUGH TWENTY-NINE

**(Obstruction of Justice)**

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1-11, and Overt Acts 6(a) through 6(f) of Count One of this indictment are incorporated here.

2.       Special agents of the United States Department of Transportation Office of Inspector General, beginning in or about October 24, 2007, conducted a criminal investigation into the activities of defendants FLYING TIGERS, INC. and JAY STOUT, as well as those of Joel Stout (charged elsewhere in this indictment), and a related grand jury investigation regarding these matters began in or about May 15, 2008.  The investigation of the grand jury and of the USDOT-OIG is referred to collectively in this indictment as "the investigation."

3.      The investigation focused on, among other issues, whether, as charged elsewhere in this indictment, defendants FLYING TIGERS, INC. and JAY STOUT, along with other persons, charged customers for annual inspections performed on aircraft when there was no authorized person employed by defendant FLYING TIGERS who was certified to perform annual inspections, failed to record the certification of the annual inspection in the airframe or engine log book to conceal the unlawful actions, and performed annual inspections on aircraft, although they were not authorized to do so.

4.      During the period beginning in approximately October 2007, defendants FLYING TIGERS, INC., JAY STOUT and Joel Stout learned of the investigation of their airplane maintenance business being conducted by the Federal Aviation Administration and the U.S.  Department of Transportation and began to undertake efforts to thwart the investigation.

22

5.      Airplane log book certifications and other documents which had been prepared by defendants FLYING TIGERS, INC., JAY STOUT and Joel Stout contained evidence of fraudulent certifications of annual inspections and, as part of a systematic effort to thwart the investigation, defendant JAY STOUT removed pages from log books, replaced pages in log books, covered pages in log books with new certification stickers, and reprinted entire log books.

6.      On or about the dates identified below, at Lancaster, in the Eastern District of Pennsylvania and elsewhere, defendants

**FLYING TIGERS, INC.**
**and**
**JAY STOUT**

knowingly altered, destroyed, mutilated, and concealed records, documents, and tangible objects, that is, aircraft and engine log books, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Aviation Administration and the United States Department of Transportation, agencies of the United States, and aided and abetted the same, by altering aircraft and engine log books in an effort to make it falsely appear that the annual inspections for the aircraft and engines had been properly certified, with each alteration being a separate count, as follows:

| Count | Date | Airplane | Description |
|-------|------|----------|-------------|
| 28 | December 7, 2007 | N7861Y | removed a page from the right engine log book immediately before August 5, 2007 certification |
| 29 | December 7, 2007 | N7861Y | replaced certification stickers into aircraft and left engine log books dated August 5, 2007 |

In violation of Title 18, United States Code, Sections 1519, 2.

## <u>NOTICE OF FORFEITURE</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      As a result of the violations of Title 18, United States Code, Sections

38, 1341 and 1343 set forth in this indictment, defendants

**FLYING TIGERS, INC.,**
**JAY STOUT,**
**JOEL STOUT**
**and**
**HOWARD GUNTER**

shall forfeit to the United States of America any property constituting, or derived from, any

proceeds that the defendants obtained, directly or indirectly, as a result of the offenses, and any

property used, or intended to be used in any manner, to commit or facilitate the commission of

the offenses.

2.      If any of the property subject to forfeiture, as a result of any act or

omission of the defendants:

>       (a)      cannot be located upon the exercise of due diligence;

>       (b)      has been transferred or sold to, or deposited with, a third party;

>       (c)      has been placed beyond the jurisdiction of the Court;

>       (d)      has been substantially diminished in value; or

>       (e)      has been commingled with other property which cannot be divided
>
>                without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 38(d),

and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code,

Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the

property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United

States Code, Section 981(a)(1)(c) and Section 38(d)(1).

**A TRUE BILL:**

_____

**GRAND JURY FOREPERSON**

_____

**ZANE DAVID MEMEGER**
**United States Attorney**